KENNETH INVESTMENT COMPANY, Respondent, v. NATIONAL BANK OF THE REPUBLIC OF ST. LOUIS, MISSOURI, Appellant.

St. Louis Court of Appeals, December 15, 1903.

1. NEGLIGENCE: Banks: Paying Teller. In an action by a depositor against a bank for a balance which has been paid out on forged checks, it is competent to read in evidence a check paid by the defendant bank which was stamped with the plaintiff's rubber stamp, but not signed by any person, although the proceeds of the check were used by plaintiff, for the purpose of showing negligence in paying checks purporting to be drawn by plaintiff.

2. BANKS: Depositors: Duty to Examine Pass Book. It is the duty of the depositor in the bank to examine his pass book within a reasonable time after it has been balanced and returned to him with canceled vouchers, and when the depositor resides in the same town with the bank, ten days is a reasonable time for such purpose.

3. ———: ———: ———. If a forged check is returned to the depositor, charged to his account, and, through his negligence in examining his account, he fails to discover it and the bank suffers damages thereby, the depositor rather than the bank should suffer the loss.

4. ———: ———: ———: Estoppel. A depositor is not estopped to charge the bank with forged checks, if he has used ordinary care in the examination of his pass book and returned checks and failed to discover the forged checks and give notice thereof; nor is he estopped if he fails to make any examination whatever, provided the bank was negligent in paying the forged checks

5. ———: ———: ———. If a bank pays out the money of the depositor on a forged check, no matter how honest in purpose and free from fault, if the depositor has done nothing to mislead the bank, all the loss must be borne by the bank.

6. ———: ———: ———. If the depositor, in securing his bookkeeper to have charge of his pass book, etc., uses ordinary care, he was not guilty of negligence in entrusting such duty to such bookkeeper, and if the bookkeeper forged checks which were paid by the bank and charged to the account of the depositor, the knowledge of the bookkeeper of such forged checks in examining the account, could not be imputed to the depositor; nor was it the duty of the depositor to make other or further examination of the pass book and vouchers.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

AFFIRMED.

*Alfred P. Hebard* for appellant.

(1) It is the duty of the depositor, when he has received from the bank the pass-book and cancelled vouchers, to make or cause to be made within a reasonable time thereafter a reasonable examination of the same, and give the bank notice of any suspicious circumstance which would have been discovered had the examination been made. And the depositor is liable to the bank for any loss occasioned it by a failure on the part of the depositor to discharge this duty. Critten v. Bank, 171 N. Y. 219; Leather Manufacturers' Bank v. Morgan, 117 U. S. 96; Weinstein v. Bank, 69 Tex. 38. (2) The depositor may delegate this duty to examine to an agent or perform it himself. But if the duty is delegated to an agent who is himself the forger of some of the checks, and no proper supervision is given by the depositor to the examination of the pass-book and vouchers by the employee, then the depositor is no better off in law in a controversy between him and his bank than if he had made no examination at all. Wind v. Bank, 39 Mo.

App. 72. (3) A party can not take the benefits and shirk the burdens of one and same transaction. Hence a party may not acknowledge an agent for the purpose of obtaining the benefits of the agency, and then shirk the burdens incident to that agency. Silver v. Railway, 5 Mo. App. 381; approved 72 Mo. 194. (4) What is a reasonable time within which a depositor should examine its pass book after its return to him by the bank is a question of law to be declared by the court, and not a fact to be found by the jury. And ten days is such reasonable time. McKeen v. Bank, 74 Mo. App. 281, p. 289 and 290. (5) As far as the question of care used by the defendant is concerned, it is as to the care which was used in the payment of the forged checks, and evidence about the payment of some other check whose payment is not in issue is evidence simply of a collateral fact, absolutely irrelevant and of no probative force as to the care which was used in the payment of the forged checks. Chamberlain v. Mo. Electric Light & Power Co., 158 Mo. 1; Goble v. Kansas City, 148 Mo. 470; Coale v. Railroad, 60 Mo. 227; Farrar v. Snyder, 31 Mo. App. 93; Hayes v. Railway, 15 Mo. App. 584.

*E. T. Farish* for respondent.

(1) That the defendant failed to use proper care and skill in detecting the forgeries before paying the checks, and therefore it could not complain of plaintiff's failure to examine its account and give notice of the forgeries; and the evidence disclosed, and so the court held, that the defendant had not used such care and skill. (2) All the questions arising on this record became *res adjudicata* by the previous decision of this court, and are not subject to be determined again and may not be again investigated. Carey v. West, 165 Mo. 452; Lawson v. Spencer, 90 Mo. App. 514; Livingston v. Allen, 87 Mo. App. 179; Chapman v. Railway, 146 Mo. 481. (3) The record shows that this appeal is vexatious or

without merit, and the motion to affirm the judgment should be sustained, and ten per cent damages awarded to respondent on the amount of the judgment, as provided by section 867, Revised Statutes 1899. Kelly v. U. S. Express Co., 45 Mo. 428; Bennett v. Same, 45 Mo. 522; Egyptian Levee Co. v. Jester, 42 Mo. App. 322.

BLAND, P. J.—This is the second appeal of this case. The opinion on the former appeal will be found in 96 Mo. App. 125, to which we refer for a statement of the controlling facts in the case. The issues on the retrial were submitted to the court without the intervention of a jury. The finding and judgment of the court were for the plaintiff. Defendant appealed. On the second trial the date and other particulars of all the checks forged by Chatard and paid by the defendant bank were brought out and additional evidence was heard as to the character of the forgeries and the degree of diligence exercised by defendant's paying teller to detect the forgeries at the time the checks were paid by him.

The plaintiff, for the purpose of proving negligence on the part of the teller, offered and read in evidence, over the objection of the defendant, a check for fifty dollars that was stamped with plaintiff's name with a rubber stamp, but was not signed by Davis, or any other person. It is admitted that the money drawn by this check was not converted by Chatard, the forger, but was used by plaintiff in its business. For the reason that the money drawn on this check was properly applied, it is contended by defendant that it was inadmissible to show negligence in the payment of the forged checks. We do not think the check was competent to show negligence generally on the part of the paying teller, but was competent as tending to prove negligence in paying checks purporting to be drawn by the plaintiff against his account with the defendant bank.

The court declared the law to be that what is a rea-

sonable time in which a depositor in a bank should examine his pass book, after it had been balanced and returned to him with the cancelled vouchers, is a question of law, but refused to declare as a matter of law that ten days was a reasonable time in which to make such examination. We do not think ten days should be arbitrarily fixed as the time for making the examination in every case, but that it is a reasonable time in which to make the examination when the depositor and bank reside in the same town or city and so held when the case was here before, and also in the case of McKeen v. Bank, 74 Mo. App. 281.

The defendant moved the court to declare the law to be, in effect, that while the plaintiff was not bound by any of the examinations of the pass book made by Chatard, if at the time of such examinations it contained any of his forged checks, yet it was in no better position than if it had made no examination whatever and for that reason could not recover, but the court refused to so declare.

In Wachsman v. Columbia Bank, 8 Misc. (N. Y.) 280, it is held that the depositor exercised ordinary care by entrusting the duty of examining the pass book and vouchers to the usual agent (the bookkeeper) in the ordinary course of business, although he (the bookkeeper) was a forger, and that the depositor was not estopped to assert the forgeries by mere delay in discovering them; that the delay did not make the account a stated or conclusive one and only cast upon him the burden of impeaching it for mistake and proving the checks were forged.

In Weisser v. Dennison, 10 N. Y. 68, checks forged by the confidential clerk of the depositor were paid by the bank and charged to the depositor in his pass book with the forged checks and others and returned to the depositor, and the clerk, at the request of the principal, examined the book and reported it correct and the principal did not discover the forgeries until several months

afterwards, when he immediately notified the bank. In an action to recover the balance, it was held the bank could not retain the amount of the forged checks; that to deny a recovery would be by a legal fiction to charge the depositor with the tortious and even criminal acts of the servant.

In Frank v. Chemical National Bank, 84 N. Y. 209, under a somewhat similar state of facts it was held that plaintiff would not be estopped from questioning the accuracy of the account and that defendant was liable for the balance, deducting the forged checks.

In McKeen v. Bank, 74 Mo. App. 281, and Quattrochi Bros. v. Bank, 89 Mo. App. 500, we held that the depositor was bound to examine his pass book when written up and returned to him with the cancelled vouchers within a reasonable time and to give prompt notice to the bank of any errors, frauds or mistakes therein. It seems to us this is a reasonable requirement and that if a forged check is returned, with the pass-book to the depositor, charged to his account which through his negligence he fails to discover and the bank suffers damages thereby, he, rather than the bank, should suffer the loss. But we have never held, and do not think it sound law to hold the depositor estopped to charge the bank with the forged checks, if he has used ordinary care in the examination of his pass book and returned checks and failed to discover the forged checks and to give notice thereof, nor do we think he should be estopped if he fails to make any examination whatever, provided it is shown that the bank was negligent in paying the forged checks. To hold otherwise, it seems to us, would be a serious modification of the rule thoroughly grounded in the jurisprudence of both England and this country since the decision in 1762 of Lord Mansfield, in Price v. Neal, 3 Burr. 1354, which is, "if a bank pay the money of its depositor on a forged check, no matter under what circumstances of caution or however honest in the belief in its genuineness, if the depos-

itor himself be free of blame and has done nothing to mislead the bank, all the loss must be borne by the bank." U. S. Bank v. Bank of Ga., 10 Wheat. 333; National Park Bank v. Ninth National Bank, 46 N. Y. 77; Hardy & Bros. v. Chesapeake Bank, 51 Md. 562; Smith v. Mercer, 6 Taunt. 76; Redington v. Woods, 45 Cal. 406; Howard & Preston v. Mississippi Valley Bank of Vicksburg, 28 La. Ann. 727; Mackintosh v. Eliot National Bank, 123 Mass. 393; First National Bank v. State Bank, 22 Neb. 769; Brown v. Daugherty, 120 Fed. 526; 2 Daniel on Negotiable Instruments (3 Ed.), secs. 1359-1655; 2 Morse on Banks and Banking, 463.

A rule that would require that the examination should be made by the depositor in person, or that would charge him with the fraud of his trusted employee, should he entrust to him the examination, would be a harsh one and at war with the relation which a bank sustains to its depositors and very much weaken the salutary rule that "a bank, in paying money on the check of its depositor, does so at its peril and takes the risk of the check being genuine."

There was evidence pro and con as to the character of the forged checks and as to the degree of diligence exercised by the defendant's paying teller in cashing the checks.

The court at the instance of plaintiff declared the law as follows:

"4. If the court sitting as a jury believes and finds from the evidence that the checks in question aggregating $1,093 were forgeries, then the plaintiff is entitled to recover said amount, less $78, paid into court, with interest at six per cent on the balance ($1,015) from the eighth day of October, 1894, the date of the institution of this suit, unless it believes and finds from the evidence that defendant used reasonable care and skill in detecting said forgeries before paying such checks.

"And unless the court further find and believes from

the evidence that the plaintiff did not within a reasonable time after the thirteenth day of June, 1894, when its bank book was balanced, make an examination of its returned checks, pass book and check book to ascertain and determine if said check for $78 was a forgery, and notified defendant thereof. And that by reason of said failure on the part of plaintiff the defendant was especially damaged thereby.

"In regard to such examination, and the duty of plaintiff to make the same, the court declares the law to be, that the plaintiff was not wanting in proper care in the examination of its said accounts, if it entrusted to some competent person the duty of making that examination for it.

"And the court further declares the law to be, that if such person was the bookkeeper of plaintiff and that he forged said checks, then the knowledge of such person (in this case one Chatard) the bookkeeper of plaintiff, gained in the commission of such forgeries, or as bookkeeper of plaintiff in handling such checks, pass book and bank book was not imputable to plaintiff.

"And if said Chatard withheld and failed to disclose the knowledge which he had thus acquired from plaintiff, then plaintiff is not bound by the knowledge which Chatard had thus acquired.

"And the court further declares the law to be, that if plaintiff in selecting its bookkeeper to have charge of its pass book, check book and returned checks, used ordinary care, that is, the same care which a person of ordinary prudence would use under similiar circumstances, then the plaintiff was not guilty of negligence in entrusting such duty to its bookkeeper. Nor was the plaintiff required after imposing such duty upon its bookkeeper to go further and make a personal inspection through its officers of such books and checks aforesaid, but in imposing such duty on such bookkeeper, plaintiff acted with ordinary prudence, that is, such pru-

dence and care as a person in like circumstances would use and employ.''

We think this instruction is in harmony with the former decisions of this court and that the last paragraph is supported by the decisions of the New York courts, supra, and is supported by reason and the practice of merchants to entrust the examination of their pass books to a trusted employee.

The finding and judgment are supported by the law and the evidence and the judgment is affirmed. *Goode, J.,* concurs in result; *Reyburn, J.,* concurs.