ROBINSON *v*. SECURITY BANK & TRUST COMPANY.

Opinion delivered December 22, 1919.

1. BANKS AND BANKING—PAYMENT OF FORGED CHECK.—A bank is liable to its depositor where it paid out his money on forged checks.

2. BANKS AND BANKING—PAYMENT OF FORGED CHECK—RATIFICATION.—Where plaintiff instructed his partner to deposit money to plaintiff's credit in defendant bank which he did, but subse-

quently the partner without authority drew out the money on forged checks, and plaintiff, after discovering it, waited eight or nine months before demanding payment of the bank, *held* not sufficient to show ratification of the partner's unlawful act as matter of law.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; reversed.

*Sam Latkin,* for appellant.

1. The court erred in directing a verdict for defendant. It was a case for a jury under the evidence and the law. 89 Ark. 368; 96 *Id.* 451; 107 *Id.* 158; 7 C. J. 639.

2. The law presumes that a deposit belongs to him who deposits it with the bank and in whose name it is entered. 177 Fed. 164; 120 *Id.* 526; 69 N. E. 215. A forged check does not protect the bank from a suit by the true owner and depositor. 57 N. Y. S. 525; 208 N. Y. 218.

*P. R. Andrews* and *J. G. Burke,* for appellee.

1. The court properly instructed the jury to find for defendant. There was no conflict in the testimony and nothing for a jury to pass on. 104 Ark. 267.

2. Plaintiff could not recover under the facts. Silence for a long time will be deemed ratification of the wrongful acts of an agent of the principal. 50 Ark. 466; 83 *Id.* 444; 96 *Id.* 505-511. The court probably directed a verdict, as the money was deposited and withdrawn by the same person and Boldin told plaintiff he had deposited and withdrawn the money. The presumption is that the money was the depositor's. 2 Michie on Banks, etc., 924-7, 975; 22 Ore. 202; 29 Pac. 435; 45 Fed. 163; 4 N. E. 619. Under the facts there was no error in directing a verdict for defendant.

HUMPHREYS, J. Appellant instituted suit against appellee in the common pleas court of Phillips County, to recover $300, alleged to be due him for money deposited in appellee's bank to his credit. A pass book showing a deposit of $200 in his name on December 17, 1913, and a

certificate of deposit for $100, deposited in his name on the 16th day of January, 1914, were made the basis of the suit.

Appellee filed answer, denying any liability on account of the alleged deposits. Upon hearing, a judgment was rendered dismissing appellant's complaint, from from which an appeal was prosecuted to the Phillips Circuit Court, where a trial was had at the April, 1919, term thereof. At the conclusion of the evidence, the jury were peremptorily instructed to return a verdict for appellee, which was done; whereupon a judgment was rendered in favor of appellee, from which an appeal has been duly prosecuted to this court.

The evidence shows that two negroes, appellant and Will Boldin, raised a partnership cotton crop in 1913, on a farm belonging to Mr. Burke. Will Boldin took the cotton to Helena and sold it to Lee Pendergrass. Appellant instructed Will Boldin to deposit one-half of the proceeds to his (appellant's) credit in appellee's bank. On the first sale of cotton $200 was appellant's share, and Will Boldin deposited that amount to the credit of appellant, Gilbert Robinson, in the bank, and took a pass book showing the deposit, which he delivered to appellant. Out of the second sale of cotton, appellant's share amounted to $100, which was deposited by Will Boldin in the name of appellant, Gilbert Robinson, for which he took a certificate of deposit that was subsequently delivered to appellant. The first deposit was made on December 17, 1913, and the second on January 16, 1914. Thereafter, Will Boldin drew the money so deposited out of the bank on checks to which he had signed appellant's name without his authority or consent.

Appellant testified that, in the spring of 1914, he discovered that Will Boldin had drawn the money, and he made no mention to, or demand on, the bank for payment until 1915, some eight or nine months after he made the discovery; that Will Boldin told him he would replace the money, and requested him not to mention the matter to the bank, because it would ruin him; that he

made no promise to withhold information nor any contract with Will Boldin to look to the crop of that year for the payment of the money; that he did not testify to that fact in the common pleas court.

Louis Solomon testified on behalf of appellee that appellant gave testimony in the common pleas court to the effect that when he made the discovery he (appellant) agreed to look to Will Boldin for the amounts the following fall when he gathered his growing crop. Louis Solomon also offered to testify that the cashier of appellee had told him, when Will Boldin made the deposit, he represented himself to be Gilbert Robinson, and that both Will Boldin and Gilbert Robinson were strangers to the cashier at that time. This testimony was objected to by appellant and excluded by the court, upon the ground that it was hearsay.

Appellant insists that the court erred in peremptorily instructing the jury, for the reason that the evidence tended to establish material issues in his favor. As the record now stands, after excluding the irrelevant testimony to the effect that Will Boldin represented himself to be Gilbert Robinson at the time he made the deposit, the undisputed evidence established the relationship of debtor and creditor between appellant and appellee. In other words, the evidence indicates that Will Boldin deposited the money with appellee in the name of Gilbert Robinson, according to Gilbert Robinson's instruction; that the bank issued a pass book and certificate of deposit to Gilbert Robinson for the amount of the deposits; that, afterwards, without any authority or right delegated by Gilbert Robinson, Will Boldin forged checks and drew the money out. It was said by this court in the case of *Carroll County Bank* v. *Rhodes,* 69 Ark. 43, and reiterated in *Bank of Hartford* v. *McDonald,* 107 Ark. 232, that: "When money is placed as a general deposit in a bank, it is no longer the property of the depositor, but immediately becomes the money of the bank. The depositor becomes the creditor of the bank, and the bank his debtor; and the bank is bound by an implied contract

to honor the checks of the depositor to the extent of his deposit. When his checks are drawn in proper form, the bank is bound to honor them.'' Therefore, under the undisputed facts in this case, the relationship of creditor and debtor was established between appellant and appellee, and that the money was not paid out by the bank upon checks properly drawn, but was paid out by it on forged checks. Had this been the only issue, a peremptory instruction should have been given for appellant, but there was an issue of whether or not appellant ratified the unlawful and wrongful withdrawal of the fund by Will Boldin. We presume the court concluded that the undisputed evidence showed a ratification by appellant of the unlawful act by Boldin in withdrawing the fund. We cannot agree with the court in this regard. It is true appellant did not demand the money as soon as he discovered Will Boldin had drawn it out on forged checks and that he waited eight or nine months thereafter before demanding same. His explanation for this is that, at the time he made the discovery, the money had been drawn out of the bank, and that he desisted for a time because Boldin claimed a disclosure of the facts would ruin him, and because of his promise to return the money to the bank. Appellant denied that he stated in the common pleas court that he told Will Boldin it was all right, after he discovered he had drawn out $50, and that he agreed to look to Boldin's crop in the year 1914 for the money. Had the record disclosed that appellee was prejudiced by appellant's failure to make the disclosure promptly upon receiving the information, it might be said, as a matter of law, that appellant ratified the unlawful act of Boldin in withdrawing the fund, but, no prejudice being shown and no conduct disclosed indicating an approval and acquiescence by appellant in the unlawful act of Boldin in withdrawing the money, it can not be said, as a matter of law, that appellant ratified the unlawful act. With reference to the ratification by a principal of the unauthorized acts of an agent, it was said in the case of *Lyon* v. *Tams & Co.*, 11 Ark. 189, that: ''The safer gen-

eral rule, however, would seem to be that which Judge Story enunciates, and which is well sustained by almost all the authorities, that is, that the dissent must be expressed in a reasonable time after the information has been received, and thus the circumstances of each particular case will be regarded in determining the degree of promptitude incumbent upon the principal. As, if the danger of loss by delay be imminent, anything short of an instantaneous disavowal would be unreasonable, and if not so great, then a corresponding abatement of the rigor of the rule graduated upon principles of justice and fair dealing.'' So we think the question of ratification in the case at bar was a question upon which the jury was entitled to pass, under proper instructions.

In dealing with the first issue, the suggestion made by this court that it would have been proper to give a peremptory instruction in behalf of appellant was based upon the facts before us, and can have no bearing upon a rehearing, if the record should disclose by competent evidence that Boldin represented to the cashier of the bank, at the time he made the deposit, that his name was Gilbert Robinson.

For the error indicated, the judgment is reversed and the cause remanded for a new trial.