BANK OF HATFIELD *v.* CLAYTON.

Opinion delivered April 2, 1923.

1. BANKS AND BANKING—STATED ACCOUNT.—The furnishing of a statement by a bank to a depositor where the items are sufficiently shown to .put the depositor on notice constitutes an account stated,ᐧ to which objection must be made within a reasonable time, otherwise the account is final.

2. BANKS AND BANKING—STATED ACCOUNT—TIME FOR MAKING OBJECTION.—Delay of three months in making objection to an account rendered is unreasonable.

3. TRIAL—ABSTRACT INSTRUCTION—WAIVER OF OBJECTION.—A request for an instruction submitting an issue operates as a waiver of the error in giving an abstract instruction on the same issue.

4. NEW TRIAL—INSUFFICIENCY OF EVIDENCE—WAIVER.—As the statute (Crawford & Moses' Dig., § 1311), makes the insufficiency of the evidence a ground for motion for a new trial, such ground is not waived by raising or failing to raise it prior to that step in the proceedings.

Appeal from Polk Circuit Court, *James S. Steel,* Judge; reversed.

*Norwood & Alley,* for appellant.

Judgment was wrongfully rendered against the bank. If the bank was at fault in paying out appellee's money on her check signed by her by Johnson, she should have complained about it immediately upon receiving knowledge of the fact. If she authorized it, she was bound, and she had notice of the transaction, receiving the check he signed for her, and, not having complained about it, she is bound any way, and appellant was entitled to a directed verdict. The court erred in giving the four requested instructions for appellee. Should not invade province of jury as to weight to be given the evidence or single out any part thereof. *Sharp* v. *State,* 51 Ark. 147; *Railway Co.* v. *Byars,* 58 Ark. 108; 93 Ark. 316; 141 Ark. 25; 45 Ark. 165. No. 2 erroneously placed the burden of proof on appellant. *Harris* v. *Lemley,* 131 Ark. 471. There was nothing in signature of check to indicate bank was borrowing the money. Board of directors act for and direct affairs of bank. 3 R. C. L.

440, sec. 66; 128 Ark. 266. Court erred in amending appellant's requested instructions 1, 2, 3 and 4, and giving them as modified. Facts show an account stated between the depositor and the bank. *Citizens' Bank & Trust Co.* v. *Hinkle,* 128 Ark. 275, quoting 1 R. C. L. 211.

*Van Hoy & Frederick,* for appellee.

The instructions were correct, and properly submitted the issues to the jury. Appellee's money being on deposit, it devolved on the bank to show it had been paid to the depositor, or some one authorized to receive it, or that she had ratified an unauthorized payment made. 7 C. J. 699; Michie on Banks and Banking, 1341, sec. 154; 111 Ill. 323; 13 Cyc. 1647. Johnson, vice president of the bank, appropriated appellee's funds, for which the bank was liable. *Citizens' Bank & Trust Co.* v. *Hinkle,* 126 Ark. 266. The court's instructions on ratification are correct. 21 R. C. L. § 107; 31 Cyc. 1647; 147 Ark. 425; 124 Ark. 360; 74 Ark. 557; 55 Ark. 240; 29 Ark. 131; 11 Ark. 189; 96 Ark. 505; 141 Ark. 414; 96 Ark. 505. Appellee, immediately upon discovering that the bank had not borrowed her money, complained and demanded payment of the money. No evidence of ratification except she received the letter and the bank statement, with voucher or paid check. As to duty of depositor to examine passbook, 3 R. C. L. 538-9, sec. 168. No error in rejecting stub of receipt which was offered by appellant. The verdict is supported by the evidence, and judgment should be affirmed.

McCulloch, C. J. The plaintiff, Mrs. Nancy Clayton, instituted this action against the defendant, Bank of Hatfield, to recover the sum of $1,000 held on deposit in the bank to the credit of plaintiff, for which a check had been issued and payment refused. The bank defended on the ground that the deposit had been previously withdrawn by check, and that plaintiff had no funds on deposit at the time the last check was drawn. Upon the issues the jury returned a verdict in favor of the plaintiff, and the defendant has appealed.

The defendant is a banking institution doing business at the town of Hatfield, in Polk County, and the plaintiff, Mrs. Clayton, is the wife of a farmer residing about a mile and a half distant from that town.

In May, 1921, Mrs. Clayton had on deposit in the bank the sum of $1,475.83, and Lewis Johnson, who was vice-president of the bank, and, according to the evidence, was more or less active in assisting in the management of the affairs of the bank, made a visit to the home of the plaintiff and proposed to plaintiff that if she would permit him to withdraw $1,000 of the funds from the bank and lend it out he could secure a loan for her at the interest rate of ten per cent. per annum. Johnson testified that the plaintiff consented to that arrangement, but the plaintiff testified that she declined to go into the plan, for the reason that she needed the money for another purpose. The verdict of the jury must be treated as having settled this issue of fact in favor of plaintiff. However, Johnson disregarded the expressed will of the plaintiff, and on June 5, 1921, he drew a check on the bank for $1,000 and signed plaintiff's name to it. The money was withdrawn from the bank on this check by Johnson and used in a loan to himself. He executed a note to the plaintiff with G. H. Johnson as surety, and this note was laid away in the vaults of the bank, presumably to be kept for the plaintiff. The check was in form as follows:

"Hatfield, Ark., June 5, 1921.

"THE BANK OF HATFIELD

"Pay to the order of loan 90 days ($1,000) one thousand and no/— dollars.

"(Signed) NANCY CLAYTON,
"L"

The money was withdrawn on this check June 8, 1921, and a charge was made against the plaintiff's account on the books of the bank, together with another item of $6.08, covered by a check which the plaintiff had drawn herself.

On June 11, 1921, Johnson wrote the following letter to plaintiff, which was received by her:

"Hatfield, June 11, 1921.

"Mrs. W. S. Clayton:

"I have placed a thousand dollars for you at ten per cent., and, if you should happen to need it, let me know a couple of weeks before you need it, and will place it back, but just as long as you don't need it, will draw you 10 per cent. interest, and this will help you out. You have been good to us, and we want to do all we can to help you.

"Your friend,

"L. H. JOHNSON,

"V. President."

Plaintiff testified that she received this letter, but made no response thereto.

On July 30, 1921, the bank delivered to the plaintiff an itemized statement of her account with the canceled checks. The statement had a proper caption showing what its nature was, and it had printed thereon notice to the depositor in the following form:

"This statement is furnished you instead of balancing your pass book. It saves you the trouble of bringing your pass book to the bank and waiting for it to be balanced. These statements will be found very convenient to check up and file. All items are credited subject to final payment. Use your pass book only as a receipt book when making deposits."

This statement covered the plaintiff's account for the months of June and July, and she admitted on the witness stand that she received the statement, and also that she thereafter received similar statements each month as to the condition of her account and the items thereon.

On October 1 the plaintiff wrote a letter to Johnson as follows:

"I will wrote you a few lines in regard to my money. Will you be so kind as to place it back in the bank by the 1st of November, as I will need it bad by that time."

Plaintiff drew a check for $1,000 in favor of her husband, W. S. Clayton, and gave it to him for presentation to the bank. The plaintiff's husband went to the bank and presented the check, and, according to his testimony, the clerk, or official, in the bank, without paying the check, told him about the note and gave him a receipt in the following form:

"To Nancy Clayton                                    10/6/21.

"For note of L. H. J. amount $1,000.   O. K.

"NANCY CLAYTON,

"By W. S. Clayton."

According to the testimony, plaintiff made no objections to the use made of the funds until some time in November. She testified that she did not understand that the money was to be handled or used by Johnson individually, but that the bank was to handle the money for her.

The court submitted the case upon instructions which told the jury that plaintiff was entitled to recover the funds on deposit in the bank, unless it was found, from a preponderance of the evidence, that she authorized the loan of her funds, "or that thereafter, being fully informed of all material facts with respect thereto, plaintiff expressly ratified said transaction, either orally or in writing, or by her conduct, to said defendant."

The court refused to give the following instruction requested by the defendant:

"5. The court tells you, as a matter of law, that a reasonable time for the plaintiff to object to the stated account furnished her, if she had objection, was such time as a reasonable person, under all the circumstances, would have required to investigate the account, and if plaintiff failed in this, and failed to object within this

time, then, as a matter of law, she would be estopped, and you should find for defendant.''

The statement of plaintiff that she understood that Johnson was acting for the bank, and that the bank, instead of Johnson individually, was to lend out her money, or had done so, may as well be disregarded as an issue in the case, further than it may throw light upon the reasonableness of the time for objection to be made by plaintiff against the items of her account presented in the statement furnished by the bank, for there is no issue made by the pleadings or submitted to the jury as to the negligence or wrongdoing of the bank in lending the money to Johnson on insufficient security. The case was tried solely on the theory that the withdrawal of the funds from the bank was without authority from plaintiff, and that she had a right to recover the amount of the balance of the deposit on the ground that the bank was her debtor to that extent.

We are of the opinion that the court not only erred in refusing to give the fifth instruction requested by defendant, for it is a correct statement of the law, but that there was really no evidence upon which to submit the question to the jury whether or not plaintiff had objected to the statement of her account within a reasonable time.

The statement rendered to the plaintiff by the defendant on July 30, 1921, constituted, according to the undisputed evidence, an account stated within the meaning of the law applicable to that term. *Citizens' Bank & Trust Co.* v. *Hinkle,* 126 Ark. 266.

In the case just cited we quoted with approval a decision of the Supreme Court of the United States in *Leather Manufacturers' Bank* v. *Morgan,* 117 U. S. 96, where the court said that the furnishing of such a statement by a bank ''in effect imports a request by the bank that the depositor will, in proper time, examine the account so rendered, and either sanction or repudiate it.''

The rule seems to be universal that the furnishing of a statement by a bank to a depositor, where the items

are sufficiently shown to put the depositor upon notice, constitutes an account stated, to which objection must be made within a reasonable time, otherwise the account is final.

In the case quoted above (117 U. S. 96) it was said: "While no rule can be laid down that will cover every transaction between a bank and its depositor, it is sufficient to say that the latter's duty is discharged when he exercises such diligence as is required by the circumstances of the particular case, including the relations of the parties, and the established or known usages of banking business."

There are many decisions which establish the rule that it is the duty of a depositor to examine the statement of account thus presented within a reasonable time and to immediately make objections thereto, if any be found. Cases which may be examined with profit on the subject are collated in the following case notes: 27 L. R. A. 823; 29 L. R. A. (N. S.) 342; 1 R. C. L. 216.

The following cases specially bear upon the question as to what will be considered a reasonable time: *Standard Oil Co.* v. *Van Etten*, 107 U. S. 329; *Brown* v. *Van Dyke*, 8 N. J. Eq. 705; *Knickerbocker* v. *Gould*, 115 N. Y. 533; *Hawkins* v. *Long*, 74 N. C. 781; *Freas* v. *Truitt*, 2 Colo. 489; *Kenneth Investment Co.* v. *National Bank*, 103 Mo. App. 613.

The facts in the present case are undisputed, and it presents merely a question of law as to whether or not objection was made within a reasonable time.

The statement expressly called for an examination of the account and objection to any incorrect items. The account not only set forth the items but was accompanied by the canceled checks. There was a delay of between two and three months before any objection was made, and it was more than three months before it was insisted that the money had been wrongfully withdrawn. There were no undisclosed facts which might or might not have affected plaintiff's decision in repudiating the withdrawal of the fund. She says that she thought that

Johnson was acting for the bank in making the loan, but she knew to a certainty that the money had been withdrawn from the bank, which had the effect of changing the status of the bank as her debtor, and the only fact which she claimed to misunderstand was that the money had been loaned out by Johnson instead of the bank; but she was aware of the precise method in which her money had been withdrawn from the bank, and it was her duty to object to this, if it was unauthorized.

Counsel rely on the case of *Robinson* v. *Security Bank & Trust Co.,* 141 Ark. 414, as supporting their contention that plaintiff's repudiation of the withdrawal of the funds was within a reasonable time, or that it was a question for the jury. The difference, however, between that case and the present one is that there was no account rendered in that case, and there was merely a withdrawal of funds on a forged or unauthorized check, and the depositor waited a considerable length of time before he made demand for the money after receiving information that the money had been withdrawn. No such strict rule is required where the bank does not furnish a statement which constitutes an account stated and is tantamount to an express request on the part of the bank to examine the account and make objections, if any exist. The case referred to above merely involved an instance of silence under circumstances where no express demand was made for an answer, whereas, in the present case, there was an account which called for objection within a reasonable time.

We are of the opinion that the evidence in the present case presents no uncertainty as to the plaintiff's legal duty with respect to the statement of her account furnished to her, and, as a matter of law, it should be said that she waited too long before making objections.

The judgment is therefore reversed, and, the case having been fully developed, judgment will be rendered here against the plaintiff. It is so ordered.

OPINION ON REHEARING.

MCCULLOUGH, C. J.  Counsel for appellee call our attention to the fact, shown by the record, that instruction number five requested by appellant was given by the court, instead of refused, as erroneously stated in the original opinion.  We recede therefore from that part of the opinion which erroneously held that error was committed in refusing to give that instruction.  We have, however, carefully reconsidered the evidence in the case, and now adhere to the conclusion announced that the evidence is not legally sufficient to sustain the verdict.

It is further insisted by counsel that appellant, by requesting the court to give instructions submitting the issues to the jury, not only waived the error in submitting the issues at the request of appellee, but waived the right to assign as error the insufficiency of the evidence to support the verdict.  Counsel is correct in the first contention, for we have often held that a request for an instruction submitting an issue operates as a waiver of the error in giving an abstract instruction on the same issue.  *St. L. I. M. & S. Ry. Co.* v. *Jacobs,* 70 Ark. 401; *Greenwich Ins. Co.* v. *State,* 74 Ark 72; *Western Union Tel. Co.* v. *Arant,* 88 Ark 499; *Berman* v. *Shelby,* 93 Ark. 472; *Prairie Creek Coal Mining Co.* v. *Kittrell,* 106 Ark. 138; *Morris* v. *Raymond,* 132 Ark. 449; *Patterson* v. *Risher,* 143 Ark. 376.  It does not follow, though, that the question of the insufficiency of the evidence is waived by requesting an instruction submitting the issues to the jury.  Nor does a party waive that question by failing to request a peremptory instruction.

The statute makes the insufficiency of the evidence a ground for a new trial which may be raised in the motion.  Crawford & Moses' Digest, § 1311, subdivision 6.  A party is not required to raise that question prior to the motion for new trial, and it is not waived by either raising it or failing to raise it prior to that step in the proceedings.

The distinction lies between the error in submitting an issue and the error in the unsupported verdict, and the first only is waived by joining in the request for submission.

Rehearing denied.

Wood, J., dissenting.