LEWIS *v.* MERCHANTS' & PLANTERS' BANK.

Opinion delivered April 8, 1929.

*DuLaney & Steel,* for appellant.
*Shaver, Shaver & Williams,* for appellee.

Humphreys, J. Appellant brought this suit in the circuit court of Little River County against appellee to recover $300 it paid out of his deposit in appellee's bank, upon an alleged forged check payable to E. L. Broomfield. In addition to alleging that the check was a forgery, appellant alleged that he never received any statement of his account with reference thereto, and that, immediately after receiving information that the forged check had been charged to his account, he made demand that the amount be refunded to him, which demand was refused.

Appellee filed an answer, denying the material allegations of the complaint. The cause was submitted upon the pleadings, the testimony, and instructions of the court, which resulted in a verdict in favor of appellee, and a consequent judgment dismissing appellant's complaint, from which is this appeal.

Appellant testified that he lived at Arkinda, Arkansas, a small village seven miles west of Foreman, where appellee operated a bank and where he did business; that on July 5, 1927, appellee charged his account with a check for $300, purporting to have been issued by him to E. L. Broomfield, who was the postmaster at Arkinda; that he never issued or authorized the issuance of the check, and that same was a forgery; that he never received a statement from the bank thereafter showing that it had paid said check; that, in December following, he was in Kansas visiting, and drew a small check on his account, which was dishonored, whereupon he immediately returned and called at appellee's bank to ascertain why the check he had drawn while away had not been honored, when he was informed that his deposit had been consumed by the payment of other checks, including the $300 check in question; that he told appellee's officials that the $300 check in question was a spurious or forged check, and demanded that the amount paid thereon out of his deposit be refunded to him, which request was refused.

354

The testimony introduced by appellee tended to prove that the $300 check in question was genuine, and that, on the first day of August, 1927, appellee mailed a statement of appellant's account to him, to which was attached the $300 check in question, stamped "Paid and canceled," and that it mailed a statement to him each month thereafter for several months, showing his balance; that there appeared upon each statement the following notice: "Please examine this statement upon receipt, and report at once if you find any difference, so that we may know definitely whether our books agree with yours. If no error is reported in ten days, the account will be considered correct. All items are credited subject to final payment."

There is nothing in the record in the way of testimony showing that appellee's special attention was ever called to this notice or that he had ever read it. He had no education of consequence, and was an old man, being past eighty-two years of age.

The cause was sent to the jury upon conflicting theories reflected by instructions numbers 2 and 3, requested by appellee and given by the court over appellant's several objections and exceptions. The instructions are as follows:

"2. You are further instructed that, even though you should find from the evidence that the check was a forgery, you cannot find for the plaintiff if you should further find from the evidence that the defendant bank mailed a statement to the plaintiff of his account and inclosed therewith the check in controversy, and that the plaintiff did not report any error or make any complaint of the correctness of the account sent him until more than ten days after the said account was sent him.

"3. You are further instructed that, if the defendant bank mailed to plaintiff a statement of his account and the check in controversy, and plaintiff waited more than ten days after receiving same before reporting any error or making any complaint to the bank of the correct-

ness of the account, it would thereupon become an account stated.''

It will be observed that the duty was imposed upon appellant by instruction No. 2 to object to the statement within ten days after same was mailed to him, whereas it was made his duty by instruction No. 3 to enter an objection to the correctness thereof within ten days after receiving same. The conflict between the two instructions was misleading and prejudicial. Although the jury might have believed appellant never received the statement, yet they could have found against him under instruction No. 2 if he had not challenged the correctness of the statement within ten days after it was mailed to him.

Both instructions, however, were erroneous because they limited appellant's right to object to the statement within ten days, whereas the law gave him a reasonable time within which to challenge the account after receiving same, and the jury might have found that ten days was not a reasonable time. *Bank of Commerce* v. *Fairbank,* 153 Ark. 61, 239 S. W. 387; *Bank of Hatfield* v. *Clayton,* 158 Ark. 119, 250 S. W. 347.

In the instant case appellant denied receiving the statements appellee claimed to have mailed him, and said that he informed appellee that the $300 check in question was a forgery as soon as he was told same had been cashed. His testimony, contradicting that of appellee, made a question of disputed fact for determination by the jury under a correct declaration of law and under instructions that were not conflicting.

Appellant makes the contention that the court erred in excluding the testimony of A. C. Stewart and himself to the effect that, when they called at the bank to discuss the matter with its cashier, T. H. Duke, he told them that Broomfield had forged other checks on him, one of which was drawn against his account in the Citizens' Bank. The court excluded this testimony, on the theory that they could only testify as to what Duke

356

knew. We think the court erred in thus limiting their testimony, as the only way they indicated that Duke had such knowledge was from his statement to them. We think his statement was admissible as tending to show that this particular check was a forgery and as a circumstance going to the credibility of Duke's testimony to the effect that the check was genuine.

On account of the errors indicated the judgment is reversed, and the cause is remanded for a new trial.