307 P.2d 1040

Hattie WOLFSWINKEL, as Administratrix of the Estate of Clarence Wolfswinkel, deceased, and Clifford L. Wolfswinkel, Appellants,

v.

SOUTHERN PACIFIC COMPANY, a corporation, Lewis V. Trosper and George Klenner, Appellees.

No. 6114.

Supreme Court of Arizona.

March 5, 1957.

Laney & Laney and Roger W. Perry, Phoenix, for appellants.

Evans, Hull, Kitchel & Jenckes and Ralph J. Lester, Phoenix, for appellees.

Boyle, Bilby, Thompson & Shoenhair, Tucson; Fennemore, Craig, Allen & McClennen, Phoenix, amici curiae.

WINDES, Justice.

On motion for rehearing defendant contends that the effect of our decision in Wolfswinkel v. Southern Pacific Company, 81 Ariz. 302, 305 P.2d 447, is to prohibit the trial court instructing the jury what is the legal duty of plaintiff in a given case and that if such duty was violated the plaintiff would be guilty of negligence. Briefs of amici curiae were filed contending that the decision is susceptible of the interpretation that it prohibits the trial court hypothetically instructing the jury that if it found from the evidence facts which as a matter of law constitute negligence, the plaintiff would be negligent and in the event the jury found the plaintiff to be negligent and found such negligence was a proximate contributing cause of the accident and injury, then plaintiff should not recover.

We did not intend to create any possible confusion in the minds of counsel or the trial courts concerning the nature of instructions that may be given on the question of contributory negligence. Certainly there is nothing in the opinion that prohibits the court from instructing as to the legal duties of the plaintiff.

■ It is permissible for the court to instruct that if it finds hypothetical facts to exist which as a matter of law would be negligence on the part of a defendant, it may find the defendant to have been negligent and that if such negligence was the proximate cause of the accident and injury, the plaintiff should recover, Pearson & Dickerson Contractors, Inc., v. Harrington, 60 Ariz. 354, 137 P.2d 381; but the legal conclusion of negligence must necessarily follow from the stated facts. Southern Pacific Company v. Bolen, 76 Ariz. 317, 264 P.2d 401. We know of no good reason why the same rule should not be permissible when the court is instructing the jury what is contributory negligence. True, the jury under our constitution is the final arbiter but to enable the jury to make its decision according to law (which presumably under its oath it would do), it is entitled to know what under the law would be negligence on the part of the plaintiff, as tested by the acts of a reasonable, prudent person under like or similar circumstances, and when that negligence would amount to contributory negligence. This form of instruction in no way takes from the jury its constitutional right to judge for itself the ultimate questions of whether plaintiff was negligent and if so, whether such was a proximate contributing cause of the injury.

■ The questioned instruction is wrong. The jury was told in effect that if plaintiff failed to yield the right of way he was negligent. In fact, he did fail to do so, else there would have been no accident and his failure necessarily contributed thereto. It does not necessarily follow that plaintiff was negligent for failing to yield the right of way. As bearing on negligence, the important thing is whether under all the circumstances in the exercise of due care, he should have yielded. The circumstances might be such that one not yielding the right of way was in no respect negligent.

This instruction was in form mandatory. In fact, it was in effect an instructed verdict for the defendant on the question of contributory negligence. As stated, plaintiff failed to yield the right of way and such failure contributed to the accident. The jury was told that under such circumstances, it must find for the defendant.

■ Hypothetical instructions on common law negligence at best are dangerous. The hazards of using an incorrect hypothesis are great. If given, it should be done with extreme care.

We adhere to the result of the original opinion.

UDALL, C. J., and PHELPS, STRUCKMEYER and LA PRADE, JJ., concur.