323 P.2d 697

Josephine SINGLETON, Appellant,

v.

Lee VALIANOS, Appellee.

No. 6315.

Supreme Court of Arizona.

April 2, 1958.

Foster G. Mori; Lewis, Roca, Scoville & Beauchamp, and Charles A. Stanecker, Phoenix, for appellant.

Moore & Romley, and Anthony T. Deddens, Phoenix, for appellee.

PHELPS, Justice.

Plaintiff Josephine Singleton brought this action against defendant Lee Valianos on a complaint that his negligence caused a collision between his automobile and her automobile as a result of which she sustained personal injuries. Plaintiff appeals from a judgment rendered on a jury verdict in favor of defendant. The trial court overruled plaintiff's motion for a new trial. Although plaintiff lists two assignments of error, we regard them more properly as one assignment of error with two alleged grounds therefor: That the trial court erred in overruling plaintiff's motion for a new trial on the grounds that (1) passion and prejudice actuated the jury's verdict, and (2) insufficient evidence supports the jury's verdict and the judgment entered thereon.

As to the first ground for plaintiff's motion for a new trial, it appears to us that the only basis plaintiff gives for her claim of passion and prejudice is that the rendition of a verdict in favor of the defendant in this case is so manifestly contrary to the weight of the evidence that such a verdict can be accounted for only as having been reached as a result of passion and prejudice. If this be the only basis, and we believe it is, the only issue presented by the assignment of error is whether sufficient evidence supports the jury's verdict. If the jury rendered a verdict contrary to the weight of the evidence, that fact alone serves as a proper ground for the motion for a new trial. Under the propositions of law and argument presented by the plaintiff, if the verdict and judgment were to be set aside, they must be set aside, not on the basis of passion and prejudice, but on the basis of insufficient evidence to support them.

The defendant maintains that the plaintiff cannot raise insufficiency of the

·evidence to justify the verdict for the first time on a motion for a new trial. He contends that the plaintiff's failure to move for a directed verdict at the proper time pre-·cludes her from raising on appeal the question of insufficiency of the evidence to justify the verdict. In a case which differs from this one only in the fact that the trial ·court granted the motion for a new trial, ·we held that the plaintiff's failure to move for a directed verdict did not preclude the plaintiff from raising on appeal the question of insufficiency of the evidence to justify the verdict. Smith v. Moroney, 79 Ariz. 35, 282 P.2d 470. We do not believe that any different rule should apply where the trial court overruled the motion for a new trial even though dictum in Smith v. Moroney, supra, suggests the contrary by ·quoting from the Oklahoma case of Bailey v. Sisson, 180 Okl. 212, 69 P.2d 65. We find many jurisdictions which hold that a party may raise insufficiency of the evidence to justify a verdict and judgment on the motion for a new trial without first having requested a directed verdict or its equivalent. Bank of Hatfield v. Clayton, 158 Ark. 119, 250 S.W. 347; Pisani v. Martini, 132 ·Cal.App. 269, 22 P.2d 804; Huffman v. Beamer, 198 Iowa 1113, 197 N.W. 476; Adami v. Murphy, 118 Mont. 172, 164 P.2d 150; Navar v. First National Bank, Tex. ·Civ.App., 254 S.W. 126; Foxley v. Gallagher, 55 Utah 298, 185 P. 775. Our Rules ·of Civil Procedure in Rule 59(a), 16 A.R.S.

make insufficiency of the evidence to justify a verdict a proper ground for the motion for a new trial without requiring as a prerequisite thereto the making of a motion for a directed verdict. We see no valid reason for establishing such a prerequisite since the rule does not require it and since presentation of the question on motion for a new trial adequately affords the trial court an opportunity to rule on the question before its presentation on appeal.

Plaintiff raised no objection to the instructions concerning contributory negligence which the trial court gave at defendant's request. In fact plaintiff covered the burden of proof on contributory negligence in her requested instruction number 5 which the trial court gave. She cannot and does not now complain of the instructions given on contributory negligence. We must affirm the judgment if, after resolving all conflicts in the evidence as well as drawing all reasonable inferences therefrom in favor of the prevailing party, we find any substantial evidence from which reasonable men could have found ultimate facts that will sustain the verdict. Sanders v. Beckwith, 79 Ariz. 67, 283 P.2d 235; Stallcup v. Coscarart, 79 Ariz. 42, 282 P.2d 791; Curlee v. Morris, 72 Ariz. 125, 231 P.2d 752. Thus we must affirm this judgment if, after reasonably construing the evidence in the light most favorable to the defendant, we find any substantial evidence from which the jury could reasonably have found some negligence on

the part of the plaintiff which proximately contributed to causing the accident.

The court instructed the jury in part as follows:

· "Ladies and Gentlemen, the Uniform Act regulating traffic on highways which was in full force and effect at the time provides as follows:

" 'No person shall start a vehicle which is stopped, standing or parked unless and until such movement can be made with reasonable safety.'

"If you find from the evidence in this case that the plaintiff Josephine Singleton failed to observe this provision of the law, then I instruct you that she was negligent, and if you further find that such failure on her part either was the proximate cause of the accident or proximately contributed to cause the accident, then I instruct you she is not entitled to recover damages from the defendant and in that event your verdict must be for the defendant."

Plaintiff testified that she had driven south on Third Avenue (at that time a one-way street south) to the intersection of Third Avenue and McDowell Road where she stopped her automobile in the center lane of Third Avenue in obedience to a red traffic signal. Her testimony on cross-examination was reasonably susceptible to an interpretation that when the traffic signal flashed green, she started to proceed across McDowell Road without ascertaining that such movement could be made with reasonable safety. She never saw defendant's automobile approaching from the east on McDowell Road prior to the collision which occurred five feet six inches south of the north curb of McDowell Road and nineteen feet eight inches west of the east curb of Third Avenue. We believe that this evidence could reasonably have justified a finding by the jury that plaintiff failed to observe a provision of the law by starting her stopped automobile without ascertaining that such movement could be made with reasonable safety. Under the trial court's instructions this failure constituted negligence on the part of the plaintiff. We further believe that the jury could reasonably have decided that this negligence on the part of the plaintiff proximately contributed to causing the accident.

Judgment affirmed.

UDALL, C. J., and WINDES, STRUCKMEYER and JOHNSON, JJ., concur.