361 P.2d 934

Martha **REICHARDT**, Appellant and Cross-Appellee,

v.

Eli **ALBERT** and Rose Albert, his wife, and Doraley Albert, a minor, by Rose Albert, her guardian ad litem, Appellees and Cross-Appellants.

No. 6891.

Supreme Court of Arizona.

May 17, 1961.

Rehearing Denied June 13, 1961.

Cavanagh & O'Connor, Phoenix, for appellant and cross-appellee.

Langerman & Begam, Phoenix, for appellee and cross-appellants.

JENNINGS, Justice.

Eli Albert, his wife Rose Albert and minor daughter Doraley Albert, brought an action against Martha Reichardt in the trial court to recover damages for injuries sustained in an automobile accident. The parties will be designated as they appeared in the trial court. The jury returned a verdict in favor of defendant. Plaintiffs' motion for judgment notwithstanding the verdict was denied but the court granted their motion for a new trial on the ground that the court erred in giving defendant's requested instruction No. 5. Defendant appealed from the order granting a new trial and plaintiffs cross-appealed from the order denying their motion for judgment notwithstanding the verdict.

Defendant was proceeding west on Palm Lane in Phoenix at a speed 15 to 20 miles per hour. As she approached the point where she intended to turn left into the Central Methodist Church parking lot, she slackened her speed to about 5 to 10 miles

per hour. Several cars in front of defendant had been turning into the church parking lot and defendant assumed that a car which she had casually noticed following behind her was also going to turn into the lot. Defendant gave no signal of her intention to make the left turn. Defendant testified that as she started to turn across the center of the street she noticed the car behind coming up on her left side. At this point defendant hit the brakes, turned back to the right and believed that she stopped immediately. Plaintiffs' vehicle sideswiped the left side of defendant's car and caromed off into a pole on the south side of Palm Lane.

Plaintiffs were following defendant at a speed not to exceed 25 miles per hour when they noticed the slowing down of defendant's vehicle. Whereas defendant's testimony indicated that defendant was traveling near the center of the street when the attempted left turn was executed, plaintiffs testified that defendant's vehicle was more to the far right side of the street and apparently turning to the right when it suddenly cut left across plaintiffs' path. In response to the officer's inquiry at the scene of the accident, plaintiff Rose Albert, estimated her speed before impact to be 15 to 20 miles per hour. However, later testimony indicated that the speed was 10 to 15 miles per hour.

Plaintiff Rose Albert, stated in a deposition taken prior to trial that her foot was on the brake prior to the impact. However, at the trial she testified that at no time was her foot on the brake.

■ The disputed Instruction No. 5 reads as follows:

"You are further instructed under Section 28–701 A and E as modified to meet the circumstances in this case that the laws of the State of Arizona provide that no person shall drive a vehicle on the highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any vehicle on the highway in compliance with legal requirements and the duty of all persons to use due care.

"The driver of every vehicle shall, consistent with the requirements set forth above, drive at an appropriate reduced speed when special hazards exist with respect to other traffic.

"I charge you by these instructions that a violation of the foregoing statutory provisions constitutes negligence as a matter of law. Therefore, if you find from the evidence that the plaintiff, Rose Albert, violated these provisions, then that would constitute negligence on her part; and if you further find that such negligence, if any, proxi-

mately contributed in the slightest degree to the accident, then your verdict should be for the defendant, Martha Reichardt, and against the plaintiffs, Eli and Rose Albert."

Defendant's Instruction No. 5 consisted of the "reasonable man" standard of care as enacted in subsections A and E of Section 28–701, A.R.S. and included the charge that the violation thereof constituted negligence as a matter of law. We discussed such a situation in the case of Wolfe v. Ornelas, 84 Ariz. 115, 119, 324 P.2d 999, 1001, and there held:

> " * * * A failure to reduce speed when conditions require is not merely prima facie evidence of negligence but is negligence."

In light of that decision the instruction in the instant case was manifestly correct.

Let us now examine the question whether the giving of the instruction was justified by the evidence. As this Court first stated in Webb v. Hardin, 53 Ariz. 310, 316, 89 P. 2d 30, 32:

> "It must be remembered that in determining whether an instruction is justified, we must consider the evidence in the strongest possible manner in support of the theory of the party asking the instruction. * * *"

The evidence is uncontradicted that the defendant slackened the speed of her vehicle from 15 to 20 miles per hour to between 5 and 10 miles per hour as she approached the point where she was to commence her left turn. The evidence is also uncontradicted that this slackening of speed was noticed by the plaintiff, Rose Albert, as she approached the scene of the accident some 40 to 50 feet behind the defendant's vehicle. As previously mentioned, the evidence was conflicting as to whether or not the plaintiff, Rose Albert, reduced the speed of her vehicle after having observed the slowing of the vehicle ahead.

█ █   The property damage to the Albert vehicle was in the amount of $445. Mrs. Albert described the impact of her vehicle with the sign or post on the south side of Palm Lane as being a great jolt, so great that it threw her towards the wheel and she fell back and then forward again. Accordingly, the triers of fact may well have concluded that she did not reduce her speed in the manner or to the extent to which she testified and that the severity of the impact was not consistent with such a reduced speed. That the force or violence of a collision between a motor vehicle and another vehicle, or any other object may be considered in estimating speed was emphasized in the case of Oyster v. Dye, 7 Wash.2d 674, 110 P.2d 863, 133 A.L.R. 720. The jury, as sole judge of the facts, was certainly entitled to consider all of the evidence in connection with the movements of the respective vehicles, including the sideswipe nature of the accident, in reaching a

determination as to whether or not plaintiff Rose Albert was operating her vehicle at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In weighing the sufficiency of evidence to justify the giving of an instruction, the inferences which reasonably and logically flow from the evidence are to be considered. Atchison, Topeka & Santa Fe R. Co. v. Hicks, 64 Ariz. 15, 165 P.2d 167.

■ Plaintiffs gave considerable weight to the fact that all of the evidence of speed was less than the posted speed limit. Although driving at a speed less than the posted speed limit is relevant, it is certainly not conclusive as to whether a person is driving at a speed greater than is "reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing."

As this Court stated in Pearson & Dickerson Contractors v. Harrington, 60 Ariz. 354, 363, 137 P.2d 381, 385:

"* * * It is not necessary to the giving of an instruction that the evidence should establish conclusively the hypothesis stated in it; if there is any evidence conducing to establish the assumption it is sufficient to authorize the giving of the instruction, and it is for the jury to find whether the facts stated are made out by the evidence. * * *"

With the above information in mind it is evident that there was clearly sufficient evidence to present a fact issue for the jury as to whether or not the plaintiff, Rose Albert, should have so controlled the speed of her vehicle as to have avoided the initial sideswipe with defendant's vehicle. The instruction was proper. From that point the problem was within the province of the jury. The jury is the fact-finding body. It weighs conflicting evidence and inferences, receives expert instructions, judges the credibility of witnesses, and draws the ultimate conclusion as pertaining to the facts. As we stated in Apache Railway Co. v. Shumway, 62 Ariz. 359, 378, 158 P.2d 142, 150, 159 A.L.R. 857:

"* * * The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable. (Citing cases.) That conclusion whether it relates to negligence, causation or any other factual matter, cannot be ignored. * * *"

The jury made its determination and returned a verdict in favor of the defendant.

For the above reasons we find no merit in the cross-appeal.

The trial court's order granting the new trial is reversed and remanded with direc-

tions to reinstate the judgment in favor of defendant.

STRUCKMEYER, C. J., and UDALL and LOCKWOOD, JJ., concur.

BERNSTEIN, V. C. J., did not participate in the determination of this appeal.