366 P.2d 683

Leonard S. TERZIS, by his Guardian ad litem, Angeline Terzis, Appellant,

v.

Wilfred Weston MILES and Maureen Adele Miles, husband and wife, Appellees.

No. 7097.

Supreme Court of Arizona.

En Banc.

Dec. 6, 1961.

Christakis & Sullivan, Phoenix, for appellant.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for appellees.

WINDES, Justice (Retired).

Leonard S. Terzis by his guardian ad litem, appellant herein, sued appellees Wilfred Weston Miles and his wife Maureen Adele for personal injury resulting from defendant's car striking plaintiff Terzis, a pedestrian. Mr. Terzis and Mr. Miles being the parties whose conduct is questioned will in the interest of brevity be designated plaintiff and defendant respectively.

It is undisputed that plaintiff was walking against a red traffic light at the intersection of Ninth and Van Buren Streets, Phoenix, Arizona, inattentive to the hazard involved in such conduct. Defendant was driving east on Van Buren Street in the inside lane with the green light in his favor. About 4:00 p. m. on a clear day defendant's car struck and injured the plaintiff. Defendant testified that he did not see the plaintiff until he was two or three feet in front of him and did not know from where he came. There is evidence from which the jury might have inferred that defendant's view was obstructed so as to prevent defendant's ability to observe plaintiff sooner. There is also evidence from which the jury might conclude that it was possible for defendant to have seen the plaintiff prior to the collision in time to possibly avoid the accident.

Plaintiff submitted, and the court refused, an instruction on the doctrine of last clear chance. There is no evidence from which the jury could find that the defendant saw the plaintiff in time to avoid the accident. It is argued, however, that had defendant exercised the proper vigilance he would have discovered plaintiff's perilous situation and thereafter with proper care could have avoided the accident.

A recent decision of this court has ruled contrary to plaintiff's contention. Odekirk v. Austin, Ariz., 366 P.2d 80. We have an inattentive plaintiff violating the traffic rule. In the last-mentioned case it was held that before the last clear chance doctrine could operate the defendant must have actually seen the inattentive plaintiff and realized or had reason to realize his inattention and peril and thereafter failed to exercise reasonable care to avoid the injury. The Odekirk case approves the following statements contained in Prosser Law of Torts, second edition, page 294:

"If the defendant does not discover the plaintiff's situation, but merely might do so by proper vigilance, it is obvious that neither party can be said to have a 'last clear' chance. The plaintiff is still in a position to escape, and his lack of attention continues up to the point of the accident, without the interval of superior opportunity of the defendant which has been considered so important."

This is in harmony with Restatement of the Law, Torts § 480. We conclude that the trial court properly refused to submit to the jury the doctrine of last clear chance.

The court instructed the jury on the sudden emergency doctrine. This is assigned as error claiming there was no evidence upon which to base the instruction. We cannot agree. The jury could have found from the evidence that the defendant was not at fault and that he certainly was presented with a sudden emergency. The instruction was appropriate.

The court instructed the jury that the plaintiff in walking across the intersection against the red light was guilty of negligence as a matter of law. Appellant's contention is that such instruction should not have been given because it was a question of fact for the jury to decide whether plaintiff was guilty of contributory negligence. The instruction does not take the fact of contributory negligence from the jury. We have many times held that the court should declare the law on contributory negligence to the jury and let it decide whether such fact exists. We have also held that the court might properly hypothetically instruct the jury as to what amounts to common-law negligence. Wolfswinkel v. Southern Pacific Company, 82 Ariz. 33, 307 P.2d 1040. There is neither reason nor logic in preventing the court from telling the jury that it is negligence per se to violate the safety law herein involved and leave it to the jury to decide whether such violation amounted to contributory negligence.

Judgment is affirmed.

BERNSTEIN, V. C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concurring.

NOTE: Chief Justice STRUCKMEYER, having disqualified himself, Justice DUDLEY W. WINDES (Retired) was called to sit in his stead and participate in the determination of this appeal.