430 P.2d 699

Georgia A. RILEY, Appellant,

v.

Richard H. JONES, Appellee.

No. 2 CA–CIV 382.

Court of Appeals of Arizona.

July 26, 1967.

Rehearing Denied Sept. 6, 1967.

Review Denied Oct. 17, 1967.

Quigley & Lamont, by Daniel K. Lamont, Tucson, for appellant.

Chandler, Tullar, Udall & Richmond, by D. B. Udall, Tucson, for appellee.

MOLLOY, Judge.

The plaintiff, Georgia A. Riley, appeals from a judgment of the superior court denying her recovery for personal injuries sustained in an intersectional automobile collision involving cars driven by the plaintiff and the defendant, Richard H. Jones. Plaintiff, driving in a southerly direction on a public street in Tucson, Arizona, collided with defendant who was driving in an easterly direction on a cross street. The intersection was not controlled by stop signs or signals. Mrs. Riley was on the left as the two cars entered the intersection.

There was testimony that the plaintiff slowed down and looked to her right prior to entering the intersection and that immediately prior to the impact, she heard the loud roar of an engine and observed the headlights of the defendant's car flash on. There was also testimony that the defendant, driving with his lights on, entered the intersection at approximately the same time as the plaintiff and that she entered the intersection without slackening her speed.

Using a stock instruction, the trial judge instructed the jury that when an automobile driver violates a statute or ordinance enacted for the safety of persons or property, such violation is negligence as a matter of law, that if such violation is proved,

then it is the duty of the jury to find that such conduct is negligent regardless of any opinion the jury might have about such conduct. In her instruction, the trial judge quoted from two statutes, the one regulating the display of lighted lamps and illuminating devices (A.R.S. § 28–922), and the other regulating the yielding of the right of way to the vehicle on the right when two vehicles enter or approach an intersection from different directions at approximately the same time. (A.R.S. § 28–771.)

The concluding portion of this instruction on statutory law reads:

> "Should you find that any party to this suit violated either of the above laws, then that party would be guilty of negligence as a matter of law, and you should not debate the issue further, but should then consider the issue whether that negligence was the proximate cause of the injury."

The plaintiff did not object to this instruction during the course of trial. The first time the plaintiff objected to this instruction was when she filed her motion for a new trial. The plaintiff contends that the giving of this instruction violated Article 18, Section 5, of the Arizona Constitution, A.R.S.,[1] citing Wolfswinkel v. Southern Pacific Company, 81 Ariz. 302, 305 P.2d 447 (1956), on rehearing 82 Ariz. 33, 307 P.2d 1040 (1957), and that the giving thereof was such "fundamental error" that it can be raised without having objected to same at the time of settling instructions, citing Trojanovich v. Marshall, 95 Ariz. 145, 388 P.2d 149 (1963).

■ The question presented to this court is whether under the holding of *Wolfswinkel,* supra, the trial judge, when contributory negligence is at issue, is prevented from instructing the jury that the plaintiff's violation of a statute designed for the safety of persons and property is negligence as a matter of law. In *Wolfswinkel,* the plaintiff

collided with a Southern Pacific train. The instruction given to the jury is as follows:

> " '* * * You are instructed that if you find from a preponderance of the evidence that Clarence Wolfswinkel failed to exercise proper vigilance or *failed to yield the right-of-way* to the approaching train and that such failure contributed, however slightly, to the collision, then you must find Clarence Wolfswinkel to have been guilty of contributory negligence.' " (Emphasis added.)

81 Ariz. at 305–306, 305 P.2d at 450.

The Supreme Court condemned the above-quoted instruction on the grounds that: "It is reversible error for a trial court to instruct *that certain facts * * ** constitute contributory negligence." (Emphasis added.) 81 Ariz. at 306, 305 P.2d at 450.

In *Wolfswinkel,* the Court patently took the view that the words "or failed to yield the right of way" described certain specific conduct of the deceased plaintiff which under the circumstances of that case, and the applicable law, might or might not be negligence. That it did not intend to forbid a trial court from telling a jury that certain general types of conduct are, under pertinent statutes, negligence as a matter of law is made clear in the rehearing decision:

> "It is permissible for the court to instruct that if it finds hypothetical facts to exist which as a matter of law would be negligence on the part of a defendant, it may find the defendant to have been negligent and that if such negligence was the proximate cause of the accident and injury, the plaintiff should recover, Pearson & Dickerson Contractors, Inc. v. Harrington, 60 Ariz. 354, 137 P.2d 381; but the legal conclusion of negligence must necessarily follow from the stated facts. Southern Pacific Company v. Bolen, 76 Ariz. 317, 264 P.2d 401. We know of no good reason why the same

---

1. "The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and

shall, at all times, be left to the jury." Art. 18, § 5, Ariz.Const.

rule should not be permissible when the court is instructing the jury what is contributory negligence."

82 Ariz. at 35, 307 P.2d at 1041.

If there was any lingering doubt after the rehearing decision in *Wolfswinkel,* it was made clear by subsequent decisions of our Supreme Court, particularly Singleton v. Valianos, 84 Ariz. 51, 323 P.2d 697 (1958); Reichardt v. Albert, 89 Ariz. 322, 361 P.2d 934 (1961); Terzis v. Miles, 90 Ariz. 120, 366 P.2d 683 (1961); and Rogers v. Mountain States Telephone & Telegraph Co., 100 Ariz. 154, 412 P.2d 272 (1966).[2] *Terzis,* supra, authored by Windes, J., the same justice who wrote the *Wolfswinkel* opinions, says:

"The court instructed the jury that the plaintiff in walking across the intersection against the red light was guilty of negligence as a matter of law. Appellant's contention is that such instruction should not have been given because it was a question of fact for the jury to decide whether plaintiff was guilty of contributory negligence. The instruction does not take the fact of contributory negligence from the jury. We have many times held that the court should declare the law on contributory negligence to the jury and let it decide whether such fact exists. We have also held that the court might properly hypothetically instruct the jury as to what amounts to common-law negligence. Wolfswinkel v. Southern Pacific Company, 82 Ariz. 33, 307 P.2d 1040. There is neither reason nor logic in preventing the court from telling the jury that it is negligence per se to violate the safety law herein involved and leave it to the jury to decide whether such violation amounted to contributory negligence."

90 Ariz. at 122, 366 P.2d at 684.

■ There being no transcript designated on appeal and no other instructions called to

our attention, we can only assume that appropriate complementary instructions were given in connection with the subject instruction in which we see no basic error. Chemi-Cote Perlite Corp. v. Harborlite Corp., 4 Ariz.App. 268, 419 P.2d 398 (1966).

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

---

**2.** As this opinion was about to be released, our Supreme Court rendered an opinion in Evans v. Pickett, 102 Ariz. 393, 430

P.2d 413 (filed July 18, 1967), the holding of which we read to be again supportive of this proposition.