NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

THE STATE BAR OF ARIZONA, *Plaintiff/Appellee*,

*v.*

RICHARD S. BERRY, *Defendant/Appellant*.

No. 1 CA-CV 18-0661
FILED 1-16-2020

Appeal from the Superior Court in Maricopa County
No. CV2017-000456
The Honorable Joseph C. Welty, Judge

**AFFIRMED**

COUNSEL

State Bar of Arizona, Phoenix
By James D. Lee
*Counsel for Plaintiff/Appellee*

Richard S. Berry, Tempe
*Defendant/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Diane M. Johnsen joined.

**J O N E S**, Judge:

¶1        Richard Berry appeals the superior court's judgment finding he engaged in the unauthorized practice of law, as defined by Arizona Rule of the Supreme Court (Rule) 31, and enjoining him from further unauthorized conduct.  For the following reasons, we affirm.

## LEGAL BACKGROUND

¶2        The power to regulate the practice of law in Arizona is vested exclusively in our supreme court, whose authority extends over those admitted to the Arizona bar as well as non-lawyers and disbarred attorneys. *See In re Creasy*, 198 Ariz. 539, 541, ¶¶ 7-8 (2000); *Sobol v. Alarcon*, 212 Ariz. 315, 319, ¶¶ 18-19 (App. 2006).  In a lawful exercise of this power, "the supreme court has promulgated rules defining and describing both the practice of law and the unauthorized practice of law."  *Sobol*, 212 Ariz. at 319, ¶ 19; *see generally* Ariz. R. Sup. Ct. 31,[1] 75.  These rules identify the activities that may only be performed by a licensed attorney and seek to "protect the public from the intolerable evils which are brought upon people by those who assume to practice law without having the proper qualifications." *Morley v. J. Pagel Realty & Ins.*, 27 Ariz. App. 62, 65 (1976) (quoting *Gardner v. Conway*, 48 N.W.2d 788, 794 (Minn. 1951)).

¶3        As such, under Arizona law, subject to certain exemptions not applicable here, "no person shall practice law in this state or represent in any way that he or she may practice law in this state unless the person is an active member of the state bar."  Ariz. R. Sup. Ct. 31(b); *see also* Ariz. R. Sup. Ct. 31(d) (identifying exemptions).  Rule 31 specifically prohibits a non-active member of the state bar from using designations such as "lawyer" or "counselor at law," Ariz. R. Sup. Ct. 31(a)(2)(B) (defining the unauthorized practice of law), and "providing legal advice or services to or for another" by:

> (1) preparing any document in any medium intended to affect or secure legal rights for a specific person or entity;
>
> (2) preparing or expressing legal opinions;

---

[1]        Absent material changes from the relevant date, we cite the current version of rules and statutes.

(3) representing another in a judicial, quasi-judicial, or administrative proceeding, or other formal dispute resolution process such as arbitration and mediation;

(4) preparing any document through any medium for filing in any court, administrative agency or tribunal for a specific person or entity; or

(5) negotiating legal rights or responsibilities for a specific person or entity.

Ariz. R. Sup. Ct. 31(a)(2)(A) (defining the practice of law).

## FACTS AND PROCEDURAL HISTORY

**¶4** In January 2017, forty years after Berry was disbarred by our supreme court, the State Bar of Arizona (State Bar) filed a complaint against Berry alleging six counts of the unauthorized practice of law.

**¶5** After a two-day bench trial, the superior court found clear and convincing evidence that Berry engaged in the unauthorized practice of law on four occasions.[2] Specifically, the court found Berry, while affiliated with a paralegal firm called "Why Pay a Lawyer?," had: (1) prepared, signed, and mailed a demand letter on behalf of another person that included legal analysis the person did not specifically direct; (2) represented himself as a lawyer to a second person; drafted a demand letter for the second person that included legal analysis the person did not specifically direct; and prepared a breach of contract complaint for the second person that was later filed in superior court; (3) selected or prepared various bankruptcy documents for a third person that required legal analysis and were ultimately filed in bankruptcy court; and (4) selected or prepared legal documents for a fourth person that addressed legal issues related to a specific landlord-tenant dispute.

**¶6** The superior court determined Berry's conduct was sanctionable, permanently enjoined Berry from engaging in the unauthorized practice of law in Arizona, and ordered Berry to pay restitution. *See* Ariz. R. Sup. Ct. 76(a) (describing the grounds for sanctions, including "[a]ny act found to constitute the unauthorized practice of law pursuant to Rule 31"), (b) (describing the available sanctions to include

---

[2] The State Bar voluntarily dismissed one count; the superior court dismissed another.

imposition of an injunction and restitution). Berry timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I.  Sufficiency of the Evidence

**¶7**     Berry first argues the State Bar failed to prove by clear and convincing evidence that he engaged in the unauthorized practice of law as defined by Rule 31.[3]  However, when an appellant "contend[s] on appeal that a judgment, finding or conclusion[] is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record transcripts of all proceedings containing evidence relevant to that judgment, finding or conclusion."  ARCAP 11(c)(1)(B); *see also Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 11 (App. 2014) ("An appellant also has an obligation to provide transcripts and other documents necessary to consider the issues raised on appeal.") (citing *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995)).  "We presume the items not included in the appellate record support a trial court's ruling."  *Myrick*, 235 Ariz. at 495, ¶ 11 (citing *Baker*, 183 Ariz. at 73).

**¶8**     Berry did not provide transcripts of the two-day bench trial; nor does his appellate case management statement indicate compliance with ARCAP 11(c)(1)-(3) (describing the appellant's duty to order transcripts).  Berry has thus waived any argument regarding the sufficiency of the evidence to support the superior court's findings.  *See Boltz & Odegaard v. Hohn*, 148 Ariz. 361, 366 (App. 1985) ("Where no transcript of evidence is made part of the record on appeal, a reviewing court will not

---

[3]     Berry presents several arguments not raised before the superior court.  However, "matters not raised below . . . will not be considered on appeal."  *Murphy v. Town of Chino Valley*, 163 Ariz. 571, 578 (App. 1989) (citing *Norcor of Am. v. S. Ariz. Int'l Livestock Ass'n*, 122 Ariz. 542, 544-45 (App. 1979)); *see also Palmer v. City of Phx.*, 242 Ariz. 158, 165, ¶ 26 (App. 2017) ("[A] party must timely present his legal theories to the trial court so as to give it an opportunity to rule properly.") (quoting *Payne v. Payne*, 12 Ariz. App. 434, 435 (1970)).  And although Berry suggests his actions could have rightfully been undertaken by a certified legal document preparer (CLDP), *see* Ariz. R. Sup. Ct. 31(d)(24) (recognizing that a CLDP may perform services in compliance with Part 7, Chapter 2, of the Arizona Code of Judicial Administration), Berry admits he is not a CLDP, and the court found he was not a CLDP at the relevant time.

question the sufficiency of evidence to sustain the ruling.") (citing *Riley v. Jones*, 6 Ariz. App. 120, 122 (1967)).

## II. Constitutionality

**¶9** Berry next challenges the constitutionality of Rule 31. We review constitutional challenges *de novo* and will presume constitutionality unless the challenger convinces us otherwise beyond a reasonable doubt. *See 3613 Ltd. v. Dep't of Liquor Licenses & Control*, 194 Ariz. 178, 182, ¶ 17 (App. 1999) (citations omitted).

**¶10** Berry contends that Rule 31's provisions governing the practice of law and unauthorized practice of law are unconstitutionally overbroad and vague because the rule identifies several exemptions. *See* Ariz. R. Sup. Ct. 31(d). But none of those exemptions apply to his conduct. Because Berry engaged in the type of conduct Rule 31 expressly prohibits, he is precluded from challenging Rule 31 on the grounds that it is unconstitutionally overbroad or vague.[4] *See Martin*, 195 Ariz. at 316, ¶ 77 (collecting cases); *Broadrick v. Oklahoma*, 413 U.S. 601, 608 (1973) ("[E]ven if the outermost boundaries of [a statute challenged for vagueness] may be imprecise, any such uncertainty has little relevance . . . where appellants' conduct falls squarely within the 'hard core' of the statute's proscriptions.") (collecting cases).

## III. Antitrust Laws

**¶11** Finally, relying upon *North Carolina State Board of Dental Examiners v. Federal Trade Commission* (*N.C. Dental*), 135 S. Ct. 1101 (2015), Berry contends enforcement of Rule 31 violates federal antitrust law because the members of the State Bar who regulate and enforce the rules are "active participants in the same profession as those [they] govern[]." *See* Ariz. R. Sup. Ct. 32(c) (outlining parameters for membership in the State

---

[4] An exception exists where the law's "potential deterrent effect on First Amendment activities is 'both real and substantial.'" *Martin v. Reinstein*, 195 Ariz. 293, 316, ¶ 78 (App. 1999) (quoting *Maricopa Cty. Juv. Action No. JT9065297*, 181 Ariz. 69, 73 (App. 1994)). Although Berry contends Rule 31 "outlaw[s]" commercial speech because it bans lawyer advertising, nothing in the text of the rule supports such an interpretation. Nor does he cite any authority suggesting he has a constitutional right to give legal advice in contravention of our supreme court rules prohibiting disbarred attorneys from practicing law.

Bar).[5] We review legal questions *de novo*. *McNamara v. Citizens Protecting Tax Payers*, 236 Ariz. 192, 194, ¶ 5 (App. 2014) (citing *Lincoln v. Holt*, 215 Ariz. 21, 23, ¶ 4 (App. 2007)).

**¶12** In *N.C. Dental*, the Federal Trade Commission (FTC) filed an administrative complaint alleging the efforts of the North Carolina State Board of Dental Examiners (the Board) to exclude non-dentists from the teeth-whitening services market "constituted an anticompetitive and unfair method of competition under the [FTC] Act." 135 S. Ct. at 1108-09. The FTC rejected the Board's claim that it was immune from antitrust laws. *Id.* at 1109. In affirming, the U.S. Supreme Court recognized that antitrust laws "confer immunity on anticompetitive conduct by the [s]tates when acting in their sovereign capacity." *Id.* at 1110 (citing *Parker v. Brown*, 317 U.S. 341, 350-51 (1943)). When a state delegates control over a market to a non-sovereign actor that is controlled by active market participants, it "enjoys *Parker* immunity only if . . . the challenged restraint [is] clearly articulated and affirmatively expressed as state policy, and . . . the policy [is] actively supervised by the [s]tate." *Id.* (quoting *FTC v. Phoebe Putney Health Sys., Inc.*, 568 U.S. 216, 225 (2013)); *see also Goldfarb v. Va. State Bar*, 421 U.S. 773, 788 (1975) (recognizing that where an anticompetitive program gets "its authority and its efficacy from the legislative command of the state," there is no antitrust violation because the law "was intended to regulate private practices and not to prohibit a [s]tate from imposing a restraint as an act of government") (citing *Parker*, 317 U.S. at 350-52, and *Olsen v. Smith*, 195 U.S. 332, 344-45 (1904)).

**¶13** Berry contends Arizona's regulation of the practice of law is analogous to North Carolina's system of regulating dental practices. We disagree.

**¶14** The Board in *N.C. Dental* admitted it was not actively supervised by the state and therefore, without doubt, ineligible for

---

[5] In conjunction with this argument, Berry argues Rule 31 creates an illegal monopoly that only "promote[s] lawyer income and eliminate[s] competition [between lawyers and nonlawyers]." *See* 15 U.S.C. § 2 (designating the monopolization of trade or commerce as a felony offense); *see also* A.R.S. § 44-1403. Berry does not, however, suggest the State Bar controls pricing for legal services or that he, as a disbarred attorney, is a lawful competitor in the market for legal services. *See Pasco Indus., Inc. v. Talco Recycling, Inc.*, 195 Ariz. 50, 57-61, ¶¶ 22-49 (App. 1998) (explaining how the elements of a monopolization claim may be proven). Therefore, we need not and do not address the argument.

immunity. *Id.* at 1116. The U.S. Supreme Court nonetheless identified "a few constant requirements of active supervision," namely:

> The supervisor must review the substance of the anticompetitive decision, not merely the procedures followed to produce it; the supervisor must have the power to veto or modify particular decisions to ensure they accord with state policy; and the "mere potential for state supervision is not an adequate substitute for a decision by the [s]tate." Further, the state supervisor may not itself be an active market participant.

*Id.* at 1116-17 (citing *Patrick v. Burget*, 486 U.S. 94, 102-03 (1988), and then quoting *FTC v. Ticor Title Ins.*, 504 U.S. 621, 638 (1992)). "In general, the adequacy of supervision . . . will depend on all the circumstances of the case." *Id.*

**¶15** Examining those factors here, we find the State Bar adequately supervised by our supreme court. Indeed, the U.S. Supreme Court has previously recognized the Arizona Supreme Court's supervisory authority over the State Bar, noting that while "the State Bar plays a part in the enforcement of the rules, its role is completely defined by the [Arizona Supreme] [C]ourt; the [State Bar] acts as the agent of the court under its continuous supervision." *Bates v. State Bar of Ariz.*, 433 U.S. 350, 361 (1977) (holding an antitrust claim against the State Bar was precluded by *Parker* immunity). Our supreme court creates the rules and maintains the authority to veto or modify decisions of the State Bar. *See id.* at 359-60 ("[T]he challenged [disciplinary rule] is the affirmative command of the Arizona Supreme Court . . . . That court is the ultimate body wielding the State's power over the practice of law, . . . adopt[s] the rules, and . . . is the ultimate trier of fact and law in the enforcement process."). The Arizona Rules of the Supreme Court govern both the substantive requirements for admission and continued membership in the State Bar and the attendant procedures. *See generally* Ariz. R. Sup. Ct. 32 to 45. Finally, the Arizona Supreme Court is not an active market participant; by definition, judicial members of the State Bar are "not engaged in the practice of law." Ariz. R. Sup. Ct. 32(c)(6). Sufficient state supervision exists here, and antitrust laws do not prohibit the State Bar from enforcing our supreme court's regulations governing the practice of law and unauthorized practice of law.

## CONCLUSION

¶16         The superior court's judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:   AA